**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HIEU NGUYEN, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-01141 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | § | |
| Defendant. | § | |

### OPINION AND ORDER DENYING REMAND

The Court denies the motion by Plaintiff Hieu Nguyen seeking remand. Dkt 10.

1. Background

Nguyen asserts that wind and hail damaged his roof in 2016. He requested Defendant Liberty Mutual Fire Insurance Company to pay for the damages under his insurance policy with it. They went through appraisal to determine the amount. Nguyen alleges that Liberty Mutual failed to pay the full appraisal award.

Nguyen filed suit in state court for breach of contract, unfair settlement practices, prompt-payment-of-claims violations, and breach of the duty of good faith and fair dealing. Dkt 1-1. Liberty Mutual removed the action based on diversity jurisdiction. Dkt 1. Nguyen seeks remand.

2. Legal standard

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c).

The burden of establishing federal jurisdiction "rests on the party seeking the federal forum." *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). To meet this burden, the party must "prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts prior to the entry of judgment in this case that establish federal subject-matter jurisdiction. Without the presence of such facts in the record, a federal court does not have jurisdiction over the case." Ibid (citations omitted).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 USC § 1332(a). On motion to remand after removal upon assertion of diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v Prudential Property and Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002).

The amount alleged in the state court petition typically determines the amount in controversy—so long as it was pleaded in good faith. *Allen v R & H Oil & Gas Co*, 63 F3d 1326, 1335 (5th Cir 1995) (citation omitted). Where the jurisdictional amount is not apparent on the face of the removed petition, "the court may rely on 'summary judgment-type evidence.'" *St Paul Reinsurance Co Ltd v Greenberg*, 134 F3d 1250, 1253 (5th Cir 1998), quoting *Allen*, 63 F3d at 1336.

If on the face of the state court petition or by a preponderance of the evidence a defendant shows that the amount in controversy exceeds $75,000, the plaintiff may obtain remand only by showing with legal certainty that the claims alleged are for less than $75,000. *De Aguilar v Boeing Co*, 47 F3d 1404, 1412 (5th Cir 1995).

3. Analysis

The parties dispute only whether the amount in controversy exceeds $75,000. Nguyen relies on his original petition. It states that "Plaintiff is seeking only monetary relief of $75,000.00 or less." Dkt 1-1 at ¶ 44. Nguyen attached a stipulation to his motion to remand stating that he "stipulates that the amount in

controversy" does not exceed $75,000 and that he would not accept any amount beyond that. Dkt 10-1. These show together, he says, that the amount in controversy is less than $75,000.

Liberty Mutual responds that neither defeat remand because Nguyen never filed any binding stipulation or affidavit with his original petition. Liberty Mutual also points to Nguyen's request for the full amount of the appraisal award totaling $48,124.37, and to his request for additional damages in the petition. Liberty Mutual asserts these conclusively show that the amount in controversy exceeds $75,000.

*As to Nguyen's petition in state court.* Texas law requires a party to plead a range of relief sought among five predefined damage ranges. See Tex Rule Civ P 47(c). Plaintiffs cannot plead a specific amount of damages beyond one of the ranges. See *Martinez v Liberty Insurance Corporation*, 2019 WL 6894497, *2 (SD Tex). The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Tex Rule Civ P 47(c)(1).

Numerous cases hold that Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. For example, see *Chavez v State Farm Lloyds*, 2016 WL 641634, at *2 (SD Tex) (discussing Tex Rule Civ P 47). Those cases also find such pleading to be a manipulation in bad faith to avoid federal jurisdiction. Ibid (citation omitted). This is so because damages as initially alleged in a Texas state court petition in no way limit a plaintiff from later amending pleadings to seek additional damages. For example, see *Sosa v Central Power & Light*, 909 SW2d 893, 895 (Tex 1995): "Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions."

Nguyen's pleading contravenes Texas state court rules and does not bind him to recover less than $75,000. As such, it does not control or limit the amount in controversy.

*As to Nguyen's post-removal stipulation.* Nguyen's stipulation filed with his motion to remand also does not bind him. This Court has recently observed that "[d]ecisions in this district are quite clear that, to conclusively establish the amount in

3

controversy and avoid removal, plaintiff must file 'an affidavit, stipulation, or other statement limiting her recovery *alongside* her Petition.'" *Soriano v Kroger Texas LP*, 2020 WL 374084, *2 (SD Tex), quoting *Martinez v Kroger Texas LP*, 2019 WL 954963, *3 (SD Tex). And the Fifth Circuit directs that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v Wal-Mart Stores Inc*, 233 F3d 880, 883 (5th Cir 2000) (citation omitted).

Even cursory review of Nguyen's original petition and the appraisal award shows an amount in controversy exceeding $75,000. The appraisal award totals $48,124.37. Dkt 12-3. Nguyen seeks both this amount and treble damages pursuant to the Texas Insurance Code. He additionally seeks attorney fees, court costs, eighteen percent interest on the amount of the insurance claim pursuant to the Texas Insurance Code, economic hardship, losses due to nonpayment, exemplary damages, and damages for emotional distress. Dkt 1-1 at ¶¶ 39–44.

The Court finds that the amount in controversy exceeds the jurisdictional minimum. See for example *Chavez*, 2016 WL 641634, at *3 (finding amount in controversy met in similar circumstances); *Espinoza v Allstate Texas Lloyd's*, 222 F Supp 3d 529, 536–37 (WD Tex 2016) (same). With no binding stipulation or affidavit filed with his original petition, Nguyen cannot show to a legal certainty that his recovery will be below the jurisdictional amount. *Soriano*, 2020 WL 374084, at *2.

4. Conclusion

The Court DENIES the motion to remand.

SO ORDERED.

Signed on February 21, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge